MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2724
Fax: (212) 637-2730

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,                    :

                                  Plaintiff,  :

                    v.                        :

DELUXE FOOD MARKET, INC., and                 :
KA CHE,                                       :

                                  Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JUDGE PRESKA

07 Civ. CV 10636

**COMPLAINT**

RECEIVED
NOV 28 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, United States of America, by its attorney, Michael J. Garcia, United States

Attorney for the Southern District of New York, herein alleges upon information and belief for

its complaint as follows:

## INTRODUCTION

1.      This is a civil action brought by plaintiff, the United States of America, against

defendants, Deluxe Food Market, Inc. ("Deluxe Food Market") and Ka Che, President of Deluxe

Food Market ("Che"), under the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. § 601 et seq.,

and the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. § 451 et seq., for permanent

injunctive relief enjoining defendants from preparing and selling in commerce meat, meat

products, poultry, and poultry products required to be inspected and passed by the United States

Department of Agriculture (the "USDA"), unless such products are so inspected and passed by the USDA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 21 U.S.C. §§ 467c and 674 and 28 U.S.C. § 1331, 1337, and 1345.

3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) because the actions giving rise to this action occurred in the Southern District of New York, and because defendants transact business within this District.

## PARTIES

4.    Plaintiff is the United States of America.

5.    Deluxe Food Market does business as a retail store and is located at 79 Elizabeth Street, New York, New York 10013.  Upon information and belief, Deluxe Food Market was incorporated in the State of New York on or about October 12, 2000.

6.    Che is the President of Deluxe Food Market.  Upon information and belief, Che has full operational control of Deluxe Food Market.

7.    Defendants are and have been engaging in the preparation and sale of, inter alia, meat, meat products, poultry, and poultry products in commerce within the Southern District of New York and elsewhere.

## FIRST CAUSE OF ACTION
### Violation of the FMIA

8.    The allegations in paragraphs 1 through 7 are incorporated by reference as though set forth fully herein.

9.    Pursuant to 21 U.S.C. § 661(c) and 9 C.F.R. § 331.2, the State of New York has been designated as a state to which Titles I and IV of the FMIA apply.

10.    The FMIA, 21 U.S.C. § 610(a), prohibits any person, firm or corporation from preparing meat or meat food products of any cattle, sheep, swine, goats, horses, mules, and other equines, or any carcasses, parts of carcasses, which are capable of use as human food, except in compliance with the requirements of the FMIA.

11.    The FMIA, 21 U.S.C. § 610(c)(2), prohibits any person, firm, or corporation from selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, any meat or meat food products required to be inspected under the FMIA, unless they have been so inspected and passed inspection by the USDA.

12.    On or about April 12, 2004, November 22, 2004, January 14, 2005, January 17, 2005, November 19, 2005, August 20, 2006, August 27, 2006, August 30, 2006, and on other dates, defendants violated the FMIA by offering for sale or transportation in commerce meat or meat food products required to be inspected under the FMIA, without the products first passing federal inspection.

13.    On or about April 12, 2004, defendants violated the FMIA by preparing and selling uninspected pork buns to Ocean Garden, a retail store located at 971 South Clinton Avenue, Rochester, New York 14620, without the products first passing federal inspection as

required by the FMIA (the "April 12, 2004 violation").

14.     On or abou t April 15, 2004 and June 18, 2004, USDA officials met with executives of Deluxe Food Market to discuss the April 12, 2004 violation.

15.     In a Shipper's or Receiver's Certification, dated June 18, 2004, Che acknowledged that Deluxe Food Market was not operating under a grant of federal inspection and that, on April 12, 2004, he prepared and sold approximately twelve (12) pounds of pork buns to Ocean Garden.

16.     By letter dated November 9, 2004, the USDA issued a Notice of Warning to Deluxe Food Market, advising Deluxe Food Market of the April 12, 2004 violation, setting forth the applicable requirements of the FMIA, and stating that future violations could result in legal action.

17.     On or about November 22, 2004, defendants violated the FMIA by preparing and selling uninspected pork, beef, and lamb to Ocean Garden, a retail store, without the products first passing federal inspection as required by the FMIA (the "November 22, 2004 violation").

18.     On or about February 1, 2005, USDA officials met with executives of Deluxe Food Market to discuss the November 22, 2004 violation.

19.     In a Shipper's or Receiver's Certification dated February 1, 2005, Che acknowledged that on November 22, 2004, Deluxe Food Market was not operating under a federal grant of inspection and that he had violated the FMIA by selling non-federally inspected pork, beef, and lamb products to another retail store.  Che also acknowledged receipt of Notices of Warning from the USDA, dated December 30, 2004 and November 9, 2004, for prior violations of the FMIA.  Che took full responsibility for Deluxe Food Market's sale of meat

products and pledged compliance with the law in the future.

20.    By letter dated February 22, 2005, the USDA issued a Notice of Warning to Deluxe Food Market, advising Deluxe Food Market of the November 22, 2004 violation, setting forth the applicable requirements of the FMIA, and stating that future violations could result in legal action.

21.    On or about January 14, 2005, defendants violated the FMIA by preparing and selling to Ocean Garden, a retail store, approximately two hundred twenty-four (224) pounds of sliced pork bellies, which were not federally inspected as required by the FMIA.

22.    On or about January 17, 2005, defendants violated the FMIA by preparing and selling to Ocean Garden, a retail store, approximately seventy-two (72) pounds of sliced pork bellies, which were not federally inspected as required by the FMIA.

23.    In a Shipper's or Receiver's Certification dated March 14, 2005, Che acknowledged that Deluxe Food Market was not operating under a federal grant of inspection and that he had violated the FMIA on January 17, 2005, by selling non-federally inspected meat food products to another retail store.  Che took full responsibility for Deluxe Food Market's violations of the FMIA and pledged compliance with the law in the future.

24.    In a statement dated March 18, 2005, Che admitted that on January 14, 2005 and January 17, 2005, Deluxe Food Market sold sliced pork bellies to Ocean Market and that Deluxe Food Market does not operate under a grant of federal inspection.  In the March 18, 2005 statement, Che admitted that Deluxe Food Market had violated the FMIA four times within the preceding year.

25.    On or about November 19, 2005, defendants again violated the FMIA by

preparing and selling to Atlantic Market LLC, a retail store located at 135 Main Street, Danbury, Connecticut 06810, approximately sixty (60) pounds of Vietnamese-style pork buns which were not federally inspected as required by the FMIA.

26.     On or about March 20, 2006, Che admitted that Deluxe Food Market, pursuant to an invoice dated November 19, 2005, sold approximately sixty (60) pounds of non-federally inspected meat food products to Atlantic Market LLC.

27.     On March 13, 2006, the USDA sent by certified mail a Notice of Alleged Violation to Che, in his capacity as President of Deluxe Food Market, and to Siu Man Sat, in his capacity as Vice President of Deluxe Food Market. The Notice of Alleged Violation informed Che and Siu Man Sat, inter alia, that Deluxe Food Market repeatedly had been warned about its violations of the FMIA, but Deluxe Food Market nonetheless continued to engage in conduct that violated the FMIA. The USDA's March 13, 2006 letters invited Che and Siu Man Sat to present their views regarding Deluxe Food Market's violations of the FMIA.

28.     In a signed statement dated March 20, 2006, Che acknowledged that he is aware that preparing and selling retail products to another retail store for resale violates the FMIA and PPIA and that Deluxe Food Market sold retail products to Atlantic Market on November 19, 2005. Che also acknowledged receipt of Notices of Warning issued by the USDA to Deluxe Food Market on November 9, 2004, December 30, 2004, and February 22, 2005 for prior violations of the FMIA and/or the PPIA. Che also acknowledged that the November 19, 2005 incident represented the fifth time Deluxe Food Market had violated the FMIA or the PPIA in the prior two years.

29.     Despite the foregoing, defendants' violations of the FMIA continued in 2006.

Specifically, on or about August 20, 2006, defendants violated the FMIA by preparing and selling to Ocean Garden, a retail store, approximately sixty-eight (68) pounds of cut-up pork feet and ten (10) pounds of pork liver, which were not federally inspected as required by the FMIA.

30.    On or about August 27, 2006, defendants again violated the FMIA by preparing and selling to Ocean Garden approximately seventy-two (72) pounds of cut-up pork feet, which were not federally inspected as required by the FMIA.

31.    On or about August 30, 2006, defendants yet again violated the FMIA by preparing and selling to Ocean Garden approximately sixty-nine (69) pounds of cut-up pork feet, which were not federally inspected as required by the FMIA.

32.    Unless enjoined, restrained, and prohibited from further violations of the FMIA, defendants will continue to prepare and sell in commerce uninspected meat and meat food products for human consumption.

## SECOND CAUSE OF ACTION
### Violation of the PPIA

33.    The allegations in paragraphs 1 through 32 are incorporated by reference as though set forth fully herein.

34.    Pursuant to 21 U.S.C. § 454 and 9 C.F.R. § 381.221, the State of New York has been designated as a state to which the requirements of sections 1 through 4, 6 through 10, and 12 through 22 of the PPIA applies.

35.    The PPIA, 21 U.S.C. § 458(a), prohibits any person from preparing or processing any poultry or poultry food products which are capable of use as human food, except in compliance with the requirements of the PPIA.

36.    The PPIA, 21 U.S.C. § 458(a)(2)(B), prohibits any person, firm, or corporation from selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, any poultry or poultry food products required to be inspected under the PPIA, unless they have been so inspected and passed inspection by the USDA.

37.    On or about January 14, 2005, January 17, 2005 and on other dates, defendants violated the PPIA by offering for sale or transportation in commerce poultry or poultry food products required to be inspected under the PPIA, without the products first passing federal inspection.

38.    On or about January 14, 2005, defendants violated the PPIA by preparing and selling to Ocean Garden, a retail store, approximately fifty (50) pounds of roasted duck, which were not federally inspected as required by the PPIA.

39.    On or about January 17, 2005, defendants violated the PPIA by preparing and selling to Ocean Garden, a retail store, approximately twenty (20) pounds of roasted duck, which were not federally inspected as required by the PPIA.

40.    In a Shipper's or Receiver's Certification dated March 14, 2005, Che acknowledged that Deluxe Food Market was not operating under a federal grant of inspection and that it had violated the PPIA by selling poultry food products to another retail store. Che took responsibility for Deluxe Food Market's violations of the PPIA and pledged compliance with the law in the future.

41.    In a statement dated March 18, 2005, Che admitted that on January 14, 2005 and January 17, 2005, Deluxe Food Market sold roasted duck to Ocean Market and that Deluxe Food Market does not operate under a grant of federal inspection.

42.     On March 13, 2006, the USDA sent by certified mail a Notice of Alleged Violation to Che, in his capacity as President of Deluxe Food Market, and to Siu Man Sat, in his capacity as Vice President of Deluxe Food Market.  The Notice of Alleged Violation informed Che and Siu Man Sat, inter alia, that Deluxe Food Market repeatedly had been warned about violations of the PPIA, but nonetheless continued to engage in conduct that violated the PPIA. The USDA's March 13, 2006 letters invited Che and Siu Man Sat to present their views regarding Deluxe Food Market's violations of the PPIA.

43.     Unless enjoined, restrained, and prohibited from further violations of the PPIA, defendants will continue to prepare and sell in commerce uninspected poultry and poultry food products for human consumption.

WHEREFORE, plaintiff the United States of America seeks entry of an order granting the following relief:

(a)     a permanent injunction requiring and compelling defendants to comply in all pertinent particulars with the FMIA and PPIA, as well as the regulations promulgated thereunder;

(b)     a permanent injunction enjoining and restraining defendants and their employees, agents, representatives, successors, and assigns, and any and all persons in active concert or participation with any or all of them, from directly or indirectly offering for sale or selling in commerce any meat, meat food product, poultry, or poultry food product that has not been federally inspected and passed such federal inspection, prior to the time of being offered for sale or sold;

(c)     granting plaintiff the United States of America its costs in bringing this action, including reasonable attorneys' fees, disbursements, and such further relief as the Court may

deem just and proper.

Dated:      New York, New York
            November 28, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

By:    _____

PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2724
Fax: (212) 637-2730